FILED
IN OPEN COURT

OCT 2 1 2016

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 1:15-CR-178-2-AJT |
| | ) |
| MICHAEL J. RANDLES, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Grace L. Hill, Assistant United States Attorney; Andrew Weissmann, Chief, Fraud Section, Criminal Division, United States Department of Justice; N. Nathan Dimock, Senior Trial Attorney and Special Assistant United States Attorney; Michael T. O'Neill, Trial Attorney and Special Assistant United States Attorney; the defendant, Michael J. Randles; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 371. The maximum penalties for this offense are: a maximum term of 5 years of imprisonment, a fine of the greater of $250,000 or twice the gross gain or loss, full restitution, forfeiture of assets as outlined below, a $100 special assessment, and 3 years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of

supervised release could result in the defendant being returned to prison for the full term of supervised release.

### 2.   Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

### 3.   Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.  The defendant understands that the rights of criminal defendants include the following:

a.   the right to plead not guilty and to persist in that plea;

b.   the right to a jury trial;

c.   the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d.   the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 4.   Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Notwithstanding the foregoing, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following Guidelines provisions apply: Pursuant to § 2X1.1(a), the offense of conviction is governed by § 2S1.1. Specifically, § 2S1.1(a)(2) applies and provides a base offense level of 8 plus the value of the laundered funds. The value of such funds was between $550,000 and $1.5 million, resulting in an additional 14 levels pursuant to § 2B1.1(b)(1)(H).

The parties disagree whether the defendant was in the business of laundering funds, such that a 4-level increase would apply pursuant to § 2S1.1(b)(2)(C), and will argue that issue at sentencing.

The parties agree that the defendant's offense level should be increased due to his aggravating role in the offense, but disagree as to the specific increase. The parties will therefore argue at sentencing whether the defendant was an organizer or leader, meriting a 4-level increase

pursuant to § 3B1.1(a), or a manager or supervisor, meriting a 3-level increase pursuant to § 3B1.1(b).

The parties disagree whether the defendant obstructed justice, based on the alleged destruction, deletion, concealment, or movement of evidence in 2013, such that a 2-level increase would apply pursuant to § 3C1.1, and will argue that issue at sentencing. It is understood that, should the United States become aware of additional bases for this enhancement, the United States reserves the right to rely on those bases at sentencing, as long as the defendant is given notice no later than two weeks before sentencing.

It is understood that this recommendation is not binding on the Probation Office or the Court. It is further understood that this recommendation does not preclude the defendant or the United States from recommending and arguing to the Probation Office or to the Court that any other Guideline enhancement or adjustment does or does not apply, from making whatever argument each party deems appropriate under 18 U.S.C. § 3553(a), or from making an ultimate sentencing recommendation outside the sentencing range established by the Court.

## 5.    Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 6.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per count of conviction.

### 7.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613.  Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury.  If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8.    Restitution

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §3663A.  Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses.  Pursuant to

5

18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise

to this plea agreement and as such, victims of the conduct described in the charging instrument,

Statement of Facts or any related or similar conduct shall be entitled to restitution.

The parties acknowledge that determination of the identities, addresses and loss amounts

for all victims in this matter is a complicated and time consuming process.  To that end,

defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of

restitution until after the sentencing; however, defendant specifically waives the 90-day

provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to

restitution after sentencing without limitation.

**9.      Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern

District of Virginia for the specific conduct described in the Information or Statement of Facts.

**10.     Dismissal of the Pending Indictment**

Upon execution of this agreement and the Court's acceptance of the defendant's plea of

guilty, the United States will move to dismiss Count 5 of the pending indictment against this

defendant.

**11.     Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be

imposed in this case.  The defendant agrees to forfeit all interests in any money laundering-

related asset that the defendant owns or over which the defendant exercises control, directly or

indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute

for property that constitutes the proceeds of his offense, or facilitating property or property

involved in the offense, including but not limited to the following specific property: a money

6

judgment in the amount of $992,077.58, to be paid jointly and severally with co-defendants Harold Bailey Gallison II and Roger G. Coleman.  The defendant understands that if proceeds of the offense(s) are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014).  The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States.

### 12.    Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct,

property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or substitute assets for property otherwise subject to forfeiture.

### 13.    The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the United States, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past five years.  The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.  The defendant agrees to provide and/or consent to the release of the defendant's tax returns for the previous five years.

### 14.    Impact of Guilty Plea on Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty.  Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status.  Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

### 15.    Defendant's Requests for Post-Sentencing Removal to Canada and Credit for Time Served Awaiting Extradition

If the defendant is eligible and applies to transfer his sentence pursuant to the international prisoner transfer program, the United States Attorney's Office for the Eastern District of Virginia agrees not oppose the defendant's transfer application.  Defendant

acknowledges and understands, however, that the transfer decision rests in the sole discretion of the Office of Enforcement Operations (OEO) of the Criminal Division of the United States Department of Justice and that the position of the United States Attorney's Office for the Eastern District of Virginia is neither binding nor determinative of the positions of other federal agencies or on the final transfer decision of OEO. Defendant further understands that in addition to OEO, federal law and the underlying transfer treaties require that the foreign government must also approve the transfer.

The United States Attorney's Office for the Eastern District of Virginia further agrees not to oppose Defendant's request for a recommendation to the Bureau of Prisons to credit against his sentence the time period he was detained in Spain during extradition proceedings. Defendant understands that it is the Bureau of Prisons, and neither the Court nor the United States Attorney's Office for the Eastern District of Virginia, that has authority to approve or deny such credit. It is further understood that this does not preclude the United States from arguing that, if the Court should make such a recommendation, it should not also credit this time in fashioning its sentence.

### 16. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.     The United States will be released from its obligations under this

agreement.  The defendant, however, may not withdraw the guilty plea

entered pursuant to this agreement;

b.     The defendant will be subject to prosecution for any federal criminal

violation, including, but not limited to, perjury and obstruction of justice,

that is not time-barred by the applicable statute of limitations on the date

this agreement is signed.  Notwithstanding the subsequent expiration of

the statute of limitations, in any such prosecution, the defendant agrees to

waive any statute-of-limitations defense; and

c.     Any prosecution, including the prosecution that is the subject of this

agreement, may be premised upon any information provided, or

statements made, by the defendant, and all such information, statements,

and leads derived therefrom may be used against the defendant.  The

defendant waives any right to claim that statements made before or after

the date of this agreement, including the statement of facts accompanying

this agreement or adopted by the defendant and any other statements made

pursuant to this or any other agreement with the United States, should be

excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f),

the Sentencing Guidelines or any other provision of the Constitution or

federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in

an appropriate proceeding at which the defendant's disclosures and documentary evidence shall

be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

### 17.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty.  Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____
Grace L. Hill
Assistant United States Attorney

Andrew Weissmann
Chief, Fraud Section, Criminal Division
United States Department of Justice

By: _____
Benjamin D. Singer
Deputy Chief
N. Nathan Dimock
Senior Trial Attorney
Special Assistant United States Attorney (EDVA)
Michael T. O'Neill
Trial Attorney
Special Assistant United States Attorney (EDVA)

**Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 10/21/16

Michael J. Randles, Defendant

**Defense Counsel Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 10/21/16

Juan Milanes, Counsel for the Defendant