# SENTENCING

Date: **1/25/2017**                                       Judge: **Trenga**
                                                          Reporter: **R. Montgomery**
                                                          Start: **9:00**
                                                          End: **10:44**

**UNITED STATES of AMERICA**                              Case Number: **1:15-CR-00178-002**

V.

**MICHAEL J. RANDLES**

Counsel/Deft: **Juan Milanes**          Counsel/Govt: **Grace Hill/Nathan Dimock/Michael O'Neill**
Interpreter: _____
Court adopts PSI ( ) without exceptions (**X**) with exceptions: **The Def. Motion to Seal Sentencing Memo [339] is granted. The Def. Motion to Strike Government's Response [344] is argued. The Court grants in part and denies in part the def. motion [344]. The Court grants in part with respect to Ex. #1 – it should not be included - and the Court advised he did not read it in detail when he saw it. The Court denies in part the remainder of the govt.'s response. The govt. has no further objections to the PSI other than what's on their papers. The govt. plays recordings of discussions between Randles and Gallison using laptop computers. The govt. states that the deft. was very active in Moneyline and based on all the factors, requests a sentence of 60 months. The govt. agrees not to oppose the time served in Spain as 'time served'. The def. amended the govt.'s forfeiture order, filling out account information that was left blank and requests time to go over the order with the deft. and file the order at a later time – granted. Def. requests a sentence of time served, to include the time served in Spain, w/2 years probation.**
**As for the govt.'s objections to the PSI, the Court sustains the govt.'s objection that the guideline sentence should include a 2 level enhancement for obstruction (§3C1.1) and the Court calculates the offense level to include a 2 level enhancement for obstruction of justice which increases the Total Offense Level to 30. A Total Offense Level of 30 with a Criminal History I increases the Imprisonment Range to 97 – 121 months. The Court overrules the govt.'s objection to the probation office's assessment of the deft.'s ability to pay a fine or the costs of incarceration/supervision.**
**As for the def.'s objections to the PSI, the Court overrules the def.'s objection to the description of Moneyline in para. 20; the Court overrules the def.'s objection to para. 21; the Court overrules the def.'s objection to paragraph's 34, 35, 37and 46 stating that the deft. is appropriately assessed a 4 level enhancement as an organizer and leader; the Court overrules the def.'s objection to para. 44 stating that the evidence before the court is sufficient to assess the 4 level increase for the deft. being in the business of laundering funds; and the Court overrules the deft.'s objection to para. 50 stating that based on the govt.'s decision not to file the motion for an additional one level reduction for acceptance there is no basis for which the Court can assess an additional one level reduction.**
**For all the reasons stated in open court, and the 18 U.S.C. §3553 factors, the Court imposes a sentence of 48 months which reflects the time served in Spain during his extradition proceedings. The def. requests voluntary surrender which the govt. argues. The Court allows the deft. to voluntarily surrender, but the deft. will continue on home confinement and electronic monitoring. The deft. requests to be designated to FCI Englewood or FCI Miami – granted. The govt. advised that a restitution order will be filed relatively soon.**

**SENTENCING GUIDELINES** :                                Court departs from Guidelines pursuant to:
Offense Level**:   28  -** 30
Criminal History:    **I**                                 _____USSG 5H1.4
Imprisonment Range**:   60**  months – 97 – 121 months     _____USSG 5K1.1
Supervised Probation: _____to_____Years
Supervised Release:  **1** to **3** Years                  _____USSG 5K2.12
Fine Range: $ **12,500** To $ **1,984,155.16**             _____USSG 5C1.2
Restitution $  **TBD**
Special Assessment **$100**

**JUDGMENT OF THE COURT:**
BOP for **48** months, w/credit for time served in Spain while awaiting extradition.
Supervised Release for **3** years, with special conditions.
Supervised Probation for ___ years, with special conditions.
Fine Imposed of $_____ payable immediately.
Restitution of $ **TBD** payable immediately.
Special Assessment **$100**
(**X**) Fine/costs of incarceration waived.

**SPECIAL CONDITIONS**:
  **X**   Deft. is to be surrendered to a duly-authorized immigration official of the Dept. of Homeland Security U.S. I.C.E. for deportation review.
  **X**   If deported, the deft. shall remain outside the U.S..
  **X**   Deft. shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation.
  **X**   Deft. shall provide the probation officer access to any requested financial information.
  **X**   Deft. shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
  **X**   Deft. shall refrain from any self-employment or consulting work without the prior approval of the probation officer.
  **X**   Deft. shall participate in a program approved by the U.S. Probation Office for mental health treatment.
  **X**   Any restitution ordered shall be due and payable immediately, and in equal monthly payments of $200, to commence within 60 days of release, until paid in full.

**RECOMMENDATIONS to BOP**:
  **X**   Dft. to be designated to **FCI Englewood or FCI Miami**
  _____   Dft. designated to facility to participate in ICC (Boot Camp) type program
  _____   Dft. to participate in the BOP 500 Hour Residential Drug Abuse Treatment Program (RDAP).

Defendant: ( ) Remanded   ( ) Cont'd on Bond   ( ) Referred to USPO   (**X**) Self-surrender